IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARK MALLOY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:23-cv-333-SDJ-KPJ |
| THE MUNICIPALITY OF THE CITY § | |
| OF COMMERCE, TEXAS, *et al.*, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Mayor Teddy Reel, City Council Member Jim Ayres, City Council Member Beckey Thompson, City Council Member Stephanie Mueller, Mayor Pro Tem Anthony Henry, City Manager Howdy Lisenbee, Code Enforcement Officer Grant Cowell (together, the "Individual Defendants"), and the Municipality of the City of Commerce, Texas's (the "City of Commerce", and together with the Individual Defendants, "Defendants") Motion to Dismiss and Brief in Support (the "Motion to Dismiss") (Dkt. 13). To date, Plaintiff Mark Malloy ("Plaintiff") has not filed a response. For the reasons that follow, the Court recommends the Motion to Dismiss (Dkt. 13) be **GRANTED**.

**I.   BACKGROUND**

On April 17, 2023, Plaintiff, proceeding *pro se*, filed this lawsuit against Defendants alleging the City of Commerce's Building Standards Commission found that a structure on the premises of "52824 Bishop St., COMMONLY KNOWN AS: . . . S4220 North Side Addition Blk 1 Lot 4 Deed Records of Hunt County, Texas" (the "Property") was "in substandard condition and therefore need[ed] to be removed from the Property 30 days from March 16, 2023." Dkt. 1 at 1.

1

Plaintiff further alleges the City of Commerce's Building Standards Commission also found the "structure on the north o[f] the premises of the Property is in substandard condition and therefore needs a structural engineer's report and a plan to bring the [P]roperty to current building code . . . prior to the next Building Standards Commission [m]eeting on April 20, 2023." *Id.* Plaintiff asserts the City of Commerce's ordinances are not valid law for the following reasons: the City of Commerce does not have "an [e]nacting clause, a body, and a title"; Code Enforcement Officer Grant Cowell did not comply "with the requirements for all government employees to deliver to the Secretary of State a signed Oath of Office and the purchase of a bond bonding [sic] his faithful performance of that oath"; the costs of an engineer report are an "undue burden"; "No Trespassing" signs are clearly posted and the Property does not pose a danger to the public; thirty days is an unreasonable amount of time to remove the contents of the large storage shed on the Property; and the City of Commerce's Building Standards Commission's order is a taking without due process. *See id.*

On May 8, 2023, Defendants filed the Motion to Set/Extend Responsive Pleading Deadline (the "Motion to Extend") (Dkt. 12), wherein Defendants requested the Court extend the deadline to file an answer or a responsive pleading under Federal Rule of Civil Procedure 12 to May 22, 2023. *See id.* at 1. On May 11, 2023, Defendants filed the Motion to Dismiss (Dkt. 13), wherein Defendants argue Plaintiff's Takings Clause claims cannot overcome the Individual Defendants' qualified immunity defenses, as Takings Clause claims are not viable against individuals and Plaintiff does not allege any involvement of the Individual Defendants in the violation of a constitutional right. *See id.* at 7 (collecting cases). Defendants further argue Plaintiff fails to state a Takings Clause claim because no demolition of the Property has taken place and the decision to declare a structure a nuisance and unsafe falls outside of the Takings Clause. *See id.* at 9. Finally,

Defendants argue Plaintiff fails to state a municipal liability claim against the City of Commerce because "Plaintiff alleges no facts pertaining to a policy, practice, or custom, a causal nexus, or any other requirements for a municipal liability theory." *Id.*

On May 19, 2023, Defendants filed the Supplement to Motion to Dismiss (Dkt. 14), wherein Defendants request the Court take judicial notice of the City of Commerce's Building Standards Commission's May 18, 2023 meeting minutes, *see* Dkt. 14 at 3–7. *See* Dkt. 14 at 1. On May 23, 2023, as Plaintiff had not filed a response to the Motion to Extend (Dkt. 12) within fourteen days, the Court granted the Motion to Extend (Dkt. 12) and the Motion to Dismiss (Dkt. 13) was deemed filed. *See* Dkt. 15 at 1 (citing LOCAL RULE CV-7(d); LOCAL RULE CV-7(e)). Similarly, the Court ordered on June 9, 2023, that Plaintiff file a response to the Motion to Dismiss (Dkt. 13), as Plaintiff had not filed a response. *See* Dkt. 16 at 1. To date, Plaintiff has not responded to the Motion to Dismiss (Dkt. 13).

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir.), *cert. denied*, 143 S. Ct. 109 (2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.   DISCUSSION

Under Eastern District of Texas Local Rule 7(e), a "party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." LOCAL RULE CV-7(e). Plaintiff's failure to respond creates the presumption he has no facts to controvert the facts set out in the Motion to Dismiss (Dkt. 13). *See* LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). For the reasons that follow, the Court finds Plaintiff has failed to state a Takings Clause claim against Defendants, Plaintiff has not overcome the Individual Defendants' assertion of qualified

4

immunity, and Plaintiff has failed to state a claim of municipal liability against the City of Commerce.

### A. Takings Clause Claim

"[A] property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation." *Knick v. Township of Scott*, 139 S.Ct. 2162, 2168 (2019). "The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth [Amendment,] provides that private property shall not 'be taken for public use, without just compensation.'" *Reynolds v. City of Commerce*, No. 3:19-CV-01577-E, 2020 WL 1915713, at *3 (N.D. Tex. Apr. 17, 2020) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005)).

Defendants argue that Plaintiff fails to state a Takings Clause claim against Defendants because "Plaintiff has not alleged any of the elements required to show he suffered a taking of [the Property] as protected by the Fifth Amendment." Dkt. 13 at 9. Defendants further argue Plaintiff's own allegations show the City of Commerce's Building Standards Commission made the building decision Plaintiff challenges, and Plaintiff does not allege the Individual Defendants' involvement in the decision. *See* Dkt. 13 at 7. Defendants further argue the City of Commerce cannot be held vicariously liable under 42 U.S.C. § 1983 for the acts of its employees and "Plaintiff alleges no facts pertaining to a policy, practice, or custom, a causal nexus, or any other requirements for a municipal liability theory." Dkt. 13 at 11.

Plaintiff alleges the City of Commerce's Building Standards Commission found that two structures on the Property were in substandard condition, with one needing to be removed and the other requiring a structural engineer's report and a plan to bring the Property up to current building codes. *See* Dkt. 1 at 1. Plaintiff alleges the engineer report is an "undue burden", the Property is

5

not a danger to the public due to the "No Trespassing" signs, and thirty days is an unreasonable amount of time to empty one of the sheds on the Property. *See id.* Plaintiff does not allege the Property was taken for public use or that the (potential) demolition of the sheds was for public use. *See Chao v. City of Plano*, No. 421CV00312ALMCAN, 2022 WL 4281606, at *9 (E.D. Tex. Aug. 16, 2022), *R. & R. adopted*, 2022 WL 4281355 (E.D. Tex. Sept. 15, 2022) (citing *Rodriguez v. City of Fort Worth*, No. 07-16-00037-CV, 2017 WL 6459532, at *5 (Tex. App.—Amarillo Dec. 8, 2017, no pet.)). Thus, the Court finds Plaintiff has failed to state a Takings Clause claim against Defendants.

Plaintiff also fails to allege any constitutional violation as to the Individual Defendants and only mentions Code Enforcement Officer Grant Cowell in reference to an alleged lack of authority for failure to present a bond to the Texas Secretary of State. *See* Dkt. 1 at 1. "It is well-settled that a plaintiff must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights." *Bey v. Hood*, No. 6:19-CV-00227-JDK, 2020 WL 3039147, at *7 (E.D. Tex. Mar. 30, 2020), *R. & R. adopted*, 2020 WL 3026292 (E.D. Tex. June 5, 2020) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant.")); *accord Chao*, 2022 WL 4281606, at *12. Thus, Plaintiff fails to state a Takings Clause claim against the Individual Defendants for this additional reason.

Furthermore, Plaintiff does not allege any fact to support a municipal liability claim against the City of Commerce. In *Monell*, the Supreme Court held that municipalities and other local government entities are included among those persons to whom § 1983 applies. *See Monell v.*

*Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). A plaintiff suing a city, municipality, or other local government entity under § 1983 "must show (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). "An official policy may arise either directly from an authorized policymaker's 'policy statement, ordinance, regulation, or decision,' or indirectly from a 'persistent, widespread practice' of non-policymaking municipal employees that 'is so common and well settled as to constitute a custom.'" *Reynolds v. City of Commerce*, No. 3:19-CV-01577-E, 2021 WL 268819, at *3 (N.D. Tex. Jan. 27, 2021) (citing *Bennett v. Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam)), *aff'd*, 853 F. App'x 978 (5th Cir. 2021).

In the present case, Plaintiff does not allege any official policy or custom on the part of the City of Commerce or any conduct by the City of Commerce. *See* Dkt. 1 at 1. Rather, Plaintiff's only allegations as to the City of Commerce are that the Building Standards Commission's order causes an undue burden and "this is an attempt by the city to take [the Property] without due process . . . ." *Id.* Courts within the Eastern District have found that allegations such as Plaintiff's are insufficient to establish municipal liability for a Takings Clause claim. *See Chao*, 2022 WL 4281606, at *11 (collecting cases). Without any allegation as to an official custom or policy on the part of the City of Commerce, Plaintiff cannot plead a Takings Clause claim against the City of Commerce. Thus, for this additional reason, Plaintiff has failed to state a Takings Clause claim against the City of Commerce.

Accordingly, for the foregoing reasons, Plaintiff has failed to state a Takings Clause claim against Defendants.

### B. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). As such, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341. A court should not deny immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Malley*, 475 U.S. at 341).

"To defeat a claim of qualified-immunity, the plaintiff has the burden to demonstrate the inapplicability of the defense." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (citation omitted). To rebut a defendant's claim of qualified immunity, the plaintiff must show: "(1) the official's conduct violated the plaintiff's constitutional right, and (2) the official's conduct was objectively unreasonable in light of clearly established law at the time of the violation." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *al-Kidd*, 563 U.S. at 735). "Courts have discretion to decide which prong of the qualified-immunity analysis to address first." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Pearson*, 555 U.S. at 236).

Defendants argue the Individual Defendants are entitled to qualified immunity because the "[T]akings [Clause] claims are not viable claims against individuals." Dkt. 13 at 7 (collecting cases). Plaintiff did not respond to the Individual Defendants' assertion of qualified immunity.

Courts in the Fifth Circuit have explained that "while an unexcused failure to respond to a motion to dismiss is a serious matter under any circumstances, it is uniquely damaging in the context of a qualified immunity motion . . . ." *Huggins v. County of Tishomingo*, — F. Supp. 3d —, No. 1:22CV81-MPM-DAS, 2023 WL 2569981, at *3 (N.D. Miss. Mar. 20, 2023); *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden on plaintiffs."). As *Huggins* explained:

> The highly legalistic "clearly established" prong demonstrates that, in the qualified immunity context, it is insufficient for the plaintiff to be able to point to potentially helpful facts in his favor. To the contrary, surviving a qualified immunity defense requires a great deal of legal work and research by the counsel for the plaintiff, without which it is generally not possible for him to "clearly establish" the illegality of the defendant's actions at the time they were allegedly committed.

*Huggins*, 2023 WL 2569981, at *4.

Accordingly, Plaintiff's failure to respond to the Motion to Dismiss (Dkt. 13), even after the Court's warning and additional allotted time to do so, makes clear that Plaintiff cannot meet his burden to overcome qualified immunity. *See Stratta v. Roe*, No. 6:18-CV-00114-ADA, 2021 WL 1199634, at *6 (W.D. Tex. Mar. 30, 2021) (finding the plaintiff waived his Takings Clause claims against the individual defendants for failure to respond to Rule 12 motion (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Arkansas v. Wilmington Tr. Nat. Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020))).

As such, the Court finds Plaintiff has failed to establish that the Individual Defendants violated a "clearly established right" and, thus, Plaintiff's claims against the Individual Defendants should be dismissed with prejudice.[1]

---

[1] The Court notes that in a review of caselaw, it does not appear that the Fifth Circuit or other courts within the Circuit have spoken on whether individuals may be sued for alleged violations of the Takings Clause. In the Court's review,

9

## C. Supplemental Jurisdiction

"If a district court has original jurisdiction over at least one claim in a case, it must look to what was traditionally known as 'pendent' or 'ancillary' jurisdiction to assess whether it has jurisdiction over any remaining claims over which it would otherwise lack original jurisdiction." *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010) (per curiam) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65, (1997)). "[T]he justification for [supplemental] jurisdiction 'lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . .'" *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The Fifth Circuit's "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.*

---

it appears there is some division as to whether individuals may be liable for Takings Clause claims. *Compare Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984) ("The wrongful 'taking,' detention or theft by an individual of the property of another is not a constitutional 'taking' as that term defined by the fifth amendment and commonly understood by the courts." (citing *Jacobson v. Tahoe Reg'l Planning Agency*, 474 F. Supp. 901 (D. Nev. 1979))) *with Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 25–26 (1st Cir. 2007) (declining to find that individuals are not liable under Section 1983 for Takings Clause claims).

The Court does not consider whether the Individual Defendants may be sued under the Takings Clause, as it is apparent that Plaintiff has failed to show the right was "clearly established." *See Hinkle Fam. Fun Ctr., LLC v. Grisham*, No. 22-2028, 2022 WL 17972138, at *4 n.2 (10th Cir. Dec. 28, 2022), *cert. denied*, No. 22-1062, 2023 WL 3937631 (U.S. June 12, 2023) (collecting cases) ("We are not aware of any circuit court that has explicitly held that a takings action can be brought against a state official in an individual capacity."); *see also Sterling Hotels, LLC v. McKay*, 71 F.4th 463 (6th Cir. June 22, 2023) ("[The plaintiff] next argues that [the defendant] engaged in an unconstitutional regulatory taking when he sealed the elevators. At the time of the alleged taking, however, no court in this circuit has yet decided whether an officer could be liable for a taking in his individual capacity . . . [The defendant's] potential individual liability for a regulatory takings claim was not clearly established when he sealed the elevators.").

In the present case, the Court recommends finding that Plaintiff has failed to state a Takings Clause claim under the Fifth Amendment.[2] To the extent Plaintiff is asserting any violation of Texas state law, i.e., the City of Commerce ordinances are allegedly not filed in compliance with state law and Grant Crowell has allegedly not complied with state requirements, the Court finds there is no reason to depart from the presumption that state law claims should be dismissed when the federal claims to which they are pendent are dismissed. *See* Dkt. 1 at 1. Accordingly, to the extent Plaintiff is asserting any state law claims, the Court recommends dismissing such claims.

### D. Leave to Amend

On a motion to dismiss for failure to state a claim, a "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

The Court finds Plaintiff has not met his burden to overcome the Individual Defendants' assertion of qualified immunity and, thus, it would be futile to grant Plaintiff leave to amend

---

[2] Plaintiff and Defendants appear to all be citizens of Texas. As such, diversity jurisdiction is unavailable, as there is not "complete diversity" of the parties. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

11

against the Individual Defendants. Additionally, Plaintiff does not allege any policy or custom on the part of the City of Commerce and, to the extent Plaintiff is asserting liability on the basis of the City of Commerce's employees, "a municipality cannot be liable for the actions of its employees under the theory of *respondeat superior*." *Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson*, 817 F.3d 163, 165–66 (5th Cir. 2016). Furthermore, Plaintiff's own allegations assert the Property has not been taken for a public use and, thus, Plaintiff cannot state a Takings Clause claim against Defendants. Accordingly, it would be futile to grant Plaintiff leave to amend his claims against Defendants.

Finally, the Court has provided Plaintiff an additional opportunity to respond to the Motion to Dismiss (Dkt. 13) and Plaintiff has taken no action. The Fifth Circuit has noted a Plaintiff's lack of response to an argument in a motion to dismiss and a "failure to pursue [a] claim beyond her complaint constitute[s] abandonment." *Black*, 461 F.3d at 588 n.1 (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)); *accord Butler v. Collins*, No. 3:18-CV-37-L, 2019 WL 13031414, at *4 (N.D. Tex. Mar. 31, 2019). Thus, Plaintiff's abandonment of claims is an additional reason to deny Plaintiff leave to amend.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 13) be **GRANTED**, and Plaintiff's Takings Clause claims against Defendants be **DISMISSED WITH PREJUDICE**. To the extent Plaintiff is asserting any state law claims, the Court recommends Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of July, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE